UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER G. PARKER,

    Plaintiff,

v.                                                                                            CASE NO. 3:19cv126-MCR-HTC

MARK T. ESPER,
SEC'Y OF DEFENSE,

    Defendant.
_____/

# **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated April 17, 2020. ECF No. 62. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of Plaintiff's objection. ECF No. 64.

Having considered the Report and Recommendation, and Plaintiff's objection, I have determined that the Report and Recommendation should be adopted.

As the Magistrate Judge has noted, Plaintiff has failed to engage in any substantive discovery, despite numerous court orders to do so, including twice

missing his deposition. *See* ECF Nos. 47, 55, 59, 60. Further, Plaintiff has not presented any evidence that might create a material fact in dispute, as required to avoid summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Therefore, his objection is overruled.

Regarding Plaintiff's Request for Reconsideration on the Court overruling his objection to the Magistrate's denial of a request for counsel, ECF No. 64 at 3, the Request is denied. The Court has discretion to revise or reconsider interlocutory orders at any time before final judgment is entered. *See* Fed. R. Civ. P. 54(b); *see also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). However, motions for reconsideration "may not be used to present the court with arguments already heard and dismissed." *See Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). A motion to reconsider will be granted only if there is a change in controlling law, new evidence becomes available, or there is a "need to correct clear error or manifest injustice." *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012) (quoting *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

Plaintiff has now requested counsel six times and the Court has gone to great lengths to explain why he is not receiving court appointed counsel. *See* ECF No. 63 at 2. No adequate grounds are stated for reconsideration.

Accordingly, it is now **ORDERED** as follows:

1.The Magistrate Judge's Report and Recommendation, ECF No. 62, is adopted and incorporated by reference in this Order.

2.Defendants' Motion for Summary Judgment, ECF No. 52, is **GRANTED,** and the Supplemental Motion, ECF No. 60, is **MOOT**.

3.Parker's Request for Reconsideration is **DENIED.**

4. The Clerk shall close the file.

**DONE AND ORDERED** this 4th day of August 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**